```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**TROY AUTIN**                                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 20-1214**

**ROBERT GOINGS SGT., ET AL.**                                    **SECTION "B"(2)**

## ORDER AND REASONS

Before the Court is the defendants' Motion for Reconsideration (Rec. Doc. 64), which is styled as a motion for summary judgment. Plaintiff Troy Autin subsequently filed a response in opposition to Defendants' motion which is also styled as an opposition to a motion for summary judgment. For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 64) is **DENIED**.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts of this case are laid out in greater detail in the Order and Reasons denying defendants' motion for summary judgment on the issue at bar and are incorporated by reference here. Rec. Doc. 55. In brief, this dispute arises from an incident on September 24, 2019, involving the defendants' alleged use of excessive force on Plaintiff Troy Autin. Rec. Doc. 49 at 4; Rec. Doc. 45-2 at 1. On October 3, 2019, Plaintiff filed a request to the Administrative Remedy Program (ARP), which is a method by which an inmate may file a grievance concerning some aspect of his

1

incarceration.[1] Rec. Doc. 45-2 at 1; *see* Rec. Doc. 45-6. In his ARP, plaintiff recounted the incident wherein the defendants used excessive force on Plaintiff in the Lieutenant's Office of the Wind Unit and on the Sun Walk of Rayburn Correctional Center. Rec. Doc. 45-6 at 2.

On March 19, 2020, Plaintiff filed a "Petition for Damages/Use of Force" in the 22nd Judicial District Court for Washington Parish, Louisiana, alleging to have sustained damages for defendants' excessive force, retaliation, and negligent supervision and hiring. Rec. Doc. 1-2. On April 16, 2020, Defendants removed the matter to this Court, claiming that this Court has subject matter jurisdiction over plaintiff's 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1441(a). Rec. Doc. 1 at 1-2.

On November 10, 2020, Defendants filed a motion for summary judgment and argued that Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*. Rec. Doc. 12-1 at 6. Additionally, Defendants asserted that Sergeant Goings, Sergeant Wallace, and Warden Tanner could not be sued in their official capacities under Section 1983. *Id.* at 12. Defendants also alleged that Warden Tanner could not be held vicariously liable for the alleged actions of Goings and Wallace under Louisiana Civil Code

---

[1] https://doc.louisiana.gov/public-programs-resources/frequently-asked-questions/

2

article 2320, nor could Tanner be found at fault for negligent hiring and/or negligent supervision because he is not their employer. *Id.* at 14-15.

On November 29, 2020, Plaintiff filed an opposition to summary judgment. Rec. Doc. 14. Plaintiff presented that *Heck* did not bar his claims because he did not allege that his disciplinary charges resulted in a forfeiture of any good time credits or otherwise affected the length of plaintiff's sentence. *Id.* at 14-15. Plaintiff also asserted that the defendant's evidence of his disciplinary reports is inadmissible hearsay. *Id.* at 16. Moreover, plaintiff argued that Goings and Wallace are "persons" that may be sued under Section 1983 because his allegations against each defendant are for their own acts and failures to act. *Id.* at 17.

On December 8, 2020, Defendants were granted leave to file a reply to Plaintiff's opposition addressing two of Plaintiff's arguments. Rec. Doc. 17. First, Defendants maintained that Plaintiff's argument against *Heck* was misplaced. *Id.* at 2. Second, Defendants argued that Plaintiff's disciplinary reports are not inadmissible hearsay because they are only offered to show that the plaintiff was convicted of rule infractions, plaintiff lost good time credit, and the reasoning for the convictions. *Id.* at 4-5.

On March 10, 2021, while the defendants' motion for summary judgment was still pending in this Court, Plaintiff filed an

3

Amended Complaint, which added Lt. Jonathan Stringer as a defendant in this case. Rec. Doc. 49. On March 31, 2021, this Court issued an Order and Reasons granting Defendants' motion for summary judgment in part and denying in part. Rec. Doc. 55. The motion was granted in part to dismiss Plaintiff's state law claims against Warden Tanner, Louisiana Department of Public Safety and Corrections, and Rayburn Correctional Center. *Id.* at 1. The motion was denied in part to retain plaintiff's Section 1983 claims against Sergeant Robert Goings and Sergeant Lance Wallace. *Id.*

On August 16, 2021, Defendants filed the instant motion for reconsideration. Rec. Doc. 64-1. Defendants request that this Court re-examine its prior *Heck* ruling on their motion for summary judgment as to Defendants Wallace and Goings. *Id.* at 2. In support of their request, Defendants assert that they "now have" further evidence showing Plaintiff's assertions lack merit. *Id.* On September 13, 2021, Plaintiff filed an opposition to Defendants' motion for reconsideration. Rec. Doc. 70. In his opposition, Plaintiff argues that the defendants' request for reconsideration under FRCP Rule 54(b) is improper because the defendants failed to offer any new evidence supporting reconsideration. Rec. Doc. 70 at 2-5.

II. **LAW AND ANALYSIS**

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v.*

4

*Fair Grounds Corp.*, 123 F.3d 336 (5th Cir. 1997). Nevertheless, a party may submit a motion seeking reconsideration under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. Fed. R. Civ. Proc. 54(b); A*dams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada*, AFL-CIO, Loc. 198, 495 F. Supp. 3d 392, 395 (M.D. La. 2020). The Fifth Circuit has recently explained that Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes district courts to revise any order or decision that does not end the action at any time. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Moreover, District courts have broad discretion to decide a Rule 54(b) motion to reconsider. *Wiley v. Dep't of Energy*, No. CV 21-933, 2021 WL 2291135 (E.D. La. June 4, 2021); *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011); *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

"The general practice of courts in [the Eastern District of Louisiana] has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment," balancing the interests of justice with the need for finality. *See, e.g., Castrillo v. Am. Home Mortg. Serv'g, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at

\*2 (E.D. La. May 4, 2009). This Court weighs four factors in deciding a motion to reconsider under Rule 59(e): (1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) the initial decision was manifestly unjust; or (4) an intervening change in law alters the appropriate outcome. *Wiley v. Dep't of Energy*, No. CV 21-933, 2021 WL 2291135 (E.D. La. June 4, 2021); *Hightower v. Grp. 1 Auto., Inc*, No. CV 15-1284, 2016 WL 3430569 (E.D. La. June 22, 2016). Therefore, this Court will utilize those same factors to evaluate the present motion for reconsideration under Rule 54(b).

A motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003). Furthermore, a motion for reconsideration should be denied when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Old arguments that are merely reconfigured by the moving party do not support a motion for reconsideration. *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316, n.18 (S.D. Tex. 1994). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and

6

resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471 (M.D. La. 2002). It is with these principles in mind that we turn to address Defendants' motion for reconsideration in reference to their previously denied motion for summary judgment on the issue of whether the *Heck* doctrine bars Plaintiff's Section 1983 claims.

Reconsideration of this Court's previous judgment is not appropriate. Defendants have not offered any new legal arguments or new evidence; instead, all the arguments presented were made at the time of their original filing. This Court denied Defendants' motion for summary judgment in this matter because Plaintiff adequately alleged a claim for excessive force that occurred after he was restrained. Rec. Doc. 55 at 23. Furthermore, there were still issues of material fact that existed as to whether the Plaintiff consistently resisted after being restrained and whether the defendants use of force was appropriate. *Id.* Defendants have not provided any new evidence to rectify these issues of material fact. Likewise, the only evidence Defendants rely on are the disciplinary reports and deposition transcripts of Plaintiff, all of which were available at the time of their previous filing.

A Rule 54(b) motion does not provide the defendants a second chance to present the same argument to this Court. Defendant does not identify an intervening change in controlling law, newly discovered evidence that was previously unavailable, nor a

7

manifest error. Rather, Defendants re-submit legal arguments for consideration that were previously ruled on based on evidence that was available to them at the time of their original filing. "A motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Ganpat v. E. Pac. Shipping, PTE, Ltd., No.*, CV 18-13556, 2020 WL 1046336, at *2 (E.D. La. Mar. 4, 2020) (quoting *Lacoste v. Pilgrim Int'l, No.*, CIVA 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009)). Therefore, Defendants have not identified a proper basis upon which to alter or amend this Court's judgment.

New Orleans, Louisiana this 30th day of September, 2021

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE