**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TROY AUTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1214** |
| **ROBERT GOINGS SGT., ET AL.** | **SECTION "B"(2)** |

**AMENDED ORDER AND REASONS**

A previously issued Order and Reasons (Rec. Doc. 76) is hereby amended to include analysis of the *Heck* Doctrine defense as to the newly added defendant Lieutenant Stringer, and to address defendants' qualified immunity defense. For the following reasons,

**IT IS ORDERED** that the subject defenses are not appropriate for summary judgment disposition to the extent shown below.[1]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts of this case are laid out in greater detail in the Order and Reasons denying defendants' motion for summary judgment (Rec. Doc. 55) and the Order and Reasons deny defendants' motion for reconsideration (Rec. Doc. 76). Those facts are incorporated here by reference along with the summary judgment standards set forth in the latter Order and Reasons. As seen below, the ultimate findings of fact will involve a weighing of disputed evidentiary materials at a trial on the merits. Our recitation of material

---

[1] This ruling also applies to a second motion for summary judgment filed by defendants Robert Goings, Jonathan Stringer and Lance Wallace. (Rec. Doc. 64)

1

factual representations by each side at this summary judgment stage is not determinative of credibility of any party or witness.

## LAW AND ANALYSIS

### A. Qualified Immunity

Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Murrell v. Chandler*, 277 Fed.Appx. 341, 343 (5th Cir.2008) (per curiam) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir.1996)). A qualified immunity defense alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available. *See Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (quoting *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017)). The plaintiff cannot rest on conclusory assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the official's conduct. *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir.2009) (noting that, to avoid summary judgment on qualified immunity, a plaintiff need not present absolute proof but must offer more than mere allegations).

To satisfy this burden and overcome qualified immunity, the plaintiff must satisfy a two-prong test. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). First, the plaintiff must show "that the official violated a statutory or constitutional right." *Id.*

Second, the plaintiff must show that the right was objectively unreasonable in light of a clearly established law at the time of the challenged conduct. *Id.* It is within the Court's discretion to decide which of the two questions should be addressed first. *See Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017). The qualified immunity defense does not change the requirement that the Court view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. This standard, even on summary judgment, "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *See Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008). Thus, even if the evidence supports a conclusion that plaintiff's rights were violated, qualified immunity may still be invoked unless "the government official violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Manis v. Lawson*, 585 F.3d 839, 845 (5th Cir. 2009).

     **i. Clearly Established Law**

It is often appropriate to consider the "clearly established law" question first, as it may make the constitutional violation question unnecessary to answer. *See Pearson v. Callahan*, 555 U.S. 224, 237 (2009). Concerning excessive force claims, the right to be free from excessive force was clearly established. However, we must also ask whether plaintiff had a clearly established right to

not have the defendants choke, punch, or kick him while he was restrained and subdued from resisting. *See City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019) (holding the Court of Appeals erred in defining the clearly established right at a high level of generality by saying only that the right to be free of excessive force was clearly established). The Supreme Court has "repeatedly told courts ... not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018) (quoting *City & Cty. of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1775-76 (2015)). "While there does not have to be a case directly on point, existing precedent must place the lawfulness of the particular [action] beyond debate.... Of course, there can be the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances.... But a body of relevant case law is usually necessary to clearly establish the answer...." *D.C. v. Wesby*, 138 S. Ct. 577, 581 (2018).

Plaintiff asserts that the defendants are prohibited from using a qualified immunity defense because the "right to be free from excessive/unnecessary force [is] clearly established." Rec. Doc. 70. In support of his claim, plaintiff relies on highly generalized language that the Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners, including excessive force. That generalized argument is

4

insufficient. *See City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019). Rather, plaintiff should point to existing precedent that established the unlawfulness of the defendants' specific actions were beyond debate.

In *Bush v. Strain*, the Fifth Circuit held that a certain degree of force by law enforcement is impermissible after an arrestee had been "restrained and subdued" and "was not resisting arrest or attempting to flee." 513 F.3d 492, 502 (5th Cir. 2008). Likewise, in *Est. of Davis by Ostenfeld v. Delo*, the Eleventh Circuit agreed that the law was well established that striking an unresisting inmate in the head while other officers restrained his limbs was a violation of the Eighth Amendment. 115 F.3d 1388 (8th Cir. 1997). While these cases are not directly on point, they both stand for the proposition that an officer's use of force on an unresisting inmate or a subdued person violates the Eighth Amendment. There are material factual differences on whether force was used by prison guards after plaintiff was restrained from resisting their attempts to retrieve suspected contraband, i.e. drugs, or in transporting within the prison.

### ii. Violation of a Constitutional Right

To establish the use of excessive force in violation of the Constitution, a plaintiff must prove: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly

unreasonable. *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012). In the context of an excessive-force claim against prison officials, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Force beyond that which is reasonably required to maintain or restore discipline is "wanton and unnecessary." *Id.* at 7, 112 S.Ct. 995. An officer's use of deadly force is not excessive, and thus no constitutional violation occurs, when the officer reasonably believes that the suspect poses a threat of serious harm to the officer or to others." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009) (quoting *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir.2007)).

The first and second elements are satisfied by plaintiff's testimony that he incurred broken ribs, two black eyes, a swollen face, and organ failure as a direct result of allegedly unprovoked (excessive) beatings by defendants. Rec. Doc. 49 at 9-10; Rec. Doc. 70 at 10 (stating plaintiff was brought into the lieutenant's office, viciously attacked, and then brought to the infirmary for his injuries). The complaint also alleges the beating "caused" his injuries. Rec. Doc. 49 at 9. Plaintiff denied resisting defendants or provoking their use of force, thusly satisfying the third prong's requirement that the use of force was clearly

6

unreasonable. Plaintiff also relies on the deposition testimony of Keaton Wilson, in which Wilson stated that the defendant Robert Goings physically assaulted plaintiff while he was cuffed behind his back and fully restrained. Rec. Doc. 70 at 13; *see also* Rec. Doc. 70-6. Plaintiff's claim for force used after being restrained survives; however, the claim for force used prior to being restrained is barred by *Heck*.

## B. Heck Bar Applicability to Defendant Stringer

A claimant who pursues a claim under 42 U.S.C. § 1983 must "(1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of law." *Southwestern Bell Telephone, LP V. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008); *see* 42 U.S.C. § 1983. To determine whether a genuine issue of material fact exists in a Section 1983 claim, the court must assess if plaintiff's claims are barred under Heck v. Humphrey. *Williams v. Lowe*, No. 18-916, 2019 WL 1199100, at *2 (E.D.La. March 13, 2019).

In *Heck v. Humphrey*, the Court held that a plaintiff may not challenge the constitutionality of his conviction under Section 1983 unless the conviction has been reversed, expunged, declared invalid or called into question by federal habeas corpus. 512 U.S. 477, 486-87 (1994). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment

in favor of the plaintiff would necessarily imply the invalidity of his conviction of sentence[.]" *Id.* at 487. If so, the action must be dismissed, "[b]ut if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.*

If the *Heck* bar applies, then the court must grant summary judgment as there are no genuine issues of material fact. *Id.* A court's determination on whether to apply the *Heck* bar is "analytical and fact-intensive, requiring [the court] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Additionally, the Fifth Circuit has held, "a 'conviction,' for purposes of *Heck*, includes ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641, 644 (1997) (applying *Heck* to prisoner's Section 1983 challenge to prisoner's administrative process because it could affect plaintiff's good time credit)). However, the Supreme Court clarified that *Heck* does not categorically apply to all Section 1983 challenges to prison disciplinary proceedings. *Wilkinson v.*

8

*Dotson*, 544 U.S. 74, 84 (2005). Instead, *Heck* may bar a prisoner's suit "not because it sought nullification of the disciplinary procedures but rather because nullification of the disciplinary procedures would lead necessarily to restoration of good-time credits and hence the shortening of the prisoner's sentence." *Id.*

For the reasons stated in a previous ruling, the disciplinary reports shall be admissible as reliable, subject to later reconsideration of the admissibility of both Goings' report and Stringer's report. See Rec. Doc. 55

In *Aucoin v. Cupil*, the plaintiff-prisoner at Dixon Correctional Institute brought claims for excessive force under Section 1983 against several prison guards and lieutenants. 958 F.3d 379 (5th Cir.), *cert. denied*, 141 S. Ct. 567, 208 L. Ed. 2d 183 (2020). Plaintiff claimed defendants assaulted him in his cell, in the prison lobby, and in the shower. *Id.* at 381. At a subsequent disciplinary hearing, plaintiff was found guilty of defiance, aggravated disobedience, and property destruction for misconduct in his cell. *Id.* The district court ultimately dismissed plaintiff's claims as barred under the *Heck* doctrine. *Id.*

On review, the Fifth Circuit concluded that *Heck* barred the § 1983 claim as to the alleged use of force in his cell—but not as to the alleged use of force in the prison lobby and shower. *Aucoin*, 958 F.3d at 384. It reasoned that *Heck* did not bar claims based on defendants use of excessive force after the plaintiff was subdued.

9

The circuit found *Heck* only bars claims in which a plaintiff's factual allegations supporting his claim for excessive force are necessarily inconsistent with the validity of his criminal conviction. *See Id.* at 383. Like Autin, Aucoin testified that defendants' use of force and violence against him were unprovoked, and claimed the defendants beat him after he had surrendered. *Id.* at 383. The latter claim challenged the exercise of force which is distinct and isolated from the facts leading to the disciplinary conviction. *Id.* at 383-84. Accordingly, the Fifth Circuit ruled that *Heck* did not bar claims for excessive force resulting from the defendants' actions after plaintiff surrendered. *Id.* at 384.

In *Bush v. Strain*, the defendants argued that the plaintiff's allegation that "at no time did [she] resist her arrest" rendered her excessive force claims barred by *Heck* for being inapposite to the factual basis of her criminal proceeding. 513 F.3d 492, 498 (5th Cir. 2008). Although the court acknowledged, "if we were to take this statement at face value, we might agree with the defendants," it ultimately determined that the statement taken in context with other evidence demonstrated that the plaintiff was subject to excessive force after she was restrained. *Id.* at 499. Upon reversing summary judgment, the Fifth Circuit noted that the lower court made no findings on how long the plaintiff's resistance lasted or the cause of her injuries – both of which the Fifth

10

Circuit deemed were material facts that were pertinent to her claim. *Id.*

The instant action is analogous to *Bush* and *Aucoin*, discussed supra. Like the plaintiff in *Aucoin*, this plaintiff also pled excessive force claims against several correctional officers for their actions allegedly done to the plaintiff both before and after he was restrained. Plaintiff alleges that defendants used force against him to subdue him and used excessive force after he was restrained. Specifically, Autin asserted that Lt. Stringer "kept his foot on [plaintiff's] head" while he was restrained on the floor of the Lieutenant's office. During the incident on the sun walk, he alleged that while handcuffed Sgt. Wallace came from the sun unit and "began kicking Autin in his ribs in the left side." Plaintiff also alleged that both Sgt. Wallace and Lt. Stringer "viciously stomped on [him]" while he was subdued on the ground.

Plaintiff's claim that he was wholly blameless for the use of force against him are in direct conflict with his disciplinary convictions. The disciplinary ruling upheld the initial use of force to extract suspected contraband from plaintiff. Thus, a ruling by this Court of excessive force as to the incident leading up to the plaintiff's restraint would ultimately negate his disciplinary conviction. This is precisely the type of claim *Heck* seeks to bar and must be dismissed.

11

However, plaintiff's excessive force claims based on actions that occurred after he was restrained and handcuffed are outside the realm of facts that led to his criminal conviction. *See Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019) (permitting the plaintiff to proceed with his excessive force claim because he alleged that he was beaten after he submitted and was already restrained.) These claims are "distinct" from the basis of his disciplinary conviction because a finding of excessive force would not negate the prison's finding that Autin violated its policies and was subject to disciplinary action as a result. As in *Bush*, plaintiff challenges the exercise of force that is isolated from the facts forming the basis for his disciplinary conviction. As a result, "the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim[s];" and thus, the *Heck* bar is inapplicable.

Regarding plaintiff's excessive force claims that are not barred under *Heck*, plaintiff asserts that he did not resist the officers after being restrained; and instead, the defendants (including Lt. Stringer) attacked him for no reason. *See* Rec. Doc. 64-1 at 16; *see also* Rec. Doc. 70 at 11-12. The defendants, however, allege that Autin "continued to resist [during the sun walk] by jerking his body back and forth and kicking the officers." Rec. Doc. 64-1 at 16. The defendants also assert that plaintiff continued to "physically resist" after being restrained in the

12

lieutenant's office and "refused to comply" with their orders. Rec. Doc. 64-1 at 4.  Because genuine issues of material fact exist as to whether the use of force was appropriate after plaintiff was restrained, summary disposition under *Heck* is not appropriate. *See Bourne v. Gunnels*, 921 F.3d 484, 492 (5th Cir. 2019) (concluding that the plaintiff demonstrated a genuine dispute of material fact where force was employed after he was handcuffed and shackled on the floor, notwithstanding the officers' contention that the plaintiff continued resisting); *Preston v. Hicks*, 721 F. App'x 342, 345 (5th Cir. 2018) (holding that the plaintiff alleged facts sufficient to state an excessive-force claim, despite medical documentation indicating that his injuries might not have been that severe, where the prison guard twisted the plaintiff's right arm while he was "face down on the ground"). Accordingly, the defendant Stringer is not entitled to summary judgment relief under the *Heck* doctrine.

    New Orleans, Louisiana this 16th day of November, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE